UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00157-GNS

KELLY CARROLL                                                                              PLAINTIFF

v.

MIDLAND FUNDING, LLC; and
EXPERIAN INFORMATION SOLUTIONS, INC.                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 16). The Motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART.**

### I.     BACKGROUND

This action is brought to recover monetary damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, stemming from the alleged failure of Defendants to remove a delinquency from tradelines with Defendant Midland Funding, LLC ("Midland") which negatively affected Plaintiff's ability to obtain mortgage financing. (Pl.'s Resp. to Def.'s Mot. to Dismiss 3, DN 18 [hereinafter Pl.'s Resp.]). In November 2014, Plaintiff Kelly Carroll ("Carroll") opened an account with GE Capital Retail Bank. (Pl.'s Resp. 2). At some point in 2015, a delinquency accrued on Carroll's account and the account was transferred to Midland for collection. (Pl.'s Resp. 2). In July 2015, Carroll negotiated a settlement of her debt. (Pl.'s Resp. 3). In August 2015, Carroll discovered that the delinquency was still present on her credit report. (Pl.'s Resp. 3). Carroll reported the problem to the credit reporting agencies (individually,

"CRA") responsible for her allegedly inaccurate credit report immediately after this discovery and requested an investigation. (Pl.'s Resp. 3). In September 2015, Plaintiff was denied mortgage financing, allegedly due to the credit report. (Pl.'s Resp. 3).

In the Complaint, Carroll asserts claims against Midland for: (1) negligence, (2) defamation, (3) negligent violation of the FCRA, and (4) willful violation of the FCRA. (Compl. ¶¶ 26-29, 42-44, 54-56, 69-71, DN 1). Midland seeks dismissal of the FCRA claims and argues that her remaining state law claims are preempted by her federal claims. (Def.'s Mem. in Supp. of Mot. to Dismiss 4-10, DN 16-1 [hereinafter Def.'s Mot. to Dismiss]).

## II. JURISDICTION

The Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1331 as this case arises under the laws of the United States.

## III. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id*. (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it

tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## IV. DISCUSSION

The FCRA was enacted in order "to promote 'efficiency in the Nation's banking system and to protect consumer privacy.'" *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 781 (W.D. Ky. 2003) (quoting 15 U.S.C. § 1681(a)). "The FCRA places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Id*. at 782 (citations omitted).

Midland does not dispute that the FCRA is applicable in this matter; only that Carroll fails to state a claim under the FCRA. Midland's obligations are explained in 15 U.S.C. § 1681s-2 and include the responsibility to refrain from reporting inaccurate information and to correct inaccurate information. Further, Carroll is authorized by § 1681s-2(b) to "bring a private cause of action against a furnisher of credit information for either negligent, § 1681o, or willful, § 1681n, violations of the FCRA." *Stafford*, 262 F. Supp. 2d at 783. Additionally, the FCRA "recognizes that a consumer may still bring an action proceeding under state common law for defamation, slander or invasion of privacy, but only if the consumer proves malice." *Id*. at 782.

### A. FCRA Claims

In the Complaint, Carroll asserts claims of negligent and willful violations of the FCRA under Section 1681s-2(b). (Compl. ¶¶ 54-56, 69-71). Midland argues these claims are not viable because Rice failed to plead facts supporting an essential element of the claims, specifically, that Midland took improper actions after it received notice of Carroll's dispute.

The FCRA defines obligations that arise after a furnisher of information receives notice from a CRA "of a dispute with regard to the completeness or accuracy of any information

provided by" the furnisher to the agency. 15 U.S.C. § 1681s-2(b)(1). *See also id* § 1681i(a)(2) (describing notice of dispute). This obligation does not arise until notice is received from the CRA. *See Stafford*, 262 F. Supp. 2d at 784. Therefore, Midland can only be held liable for conduct that occurred after it received notice from a CRA regarding a dispute involving Carroll's credit report.

Carroll has pled her FCRA claim in this case sufficiently to survive a motion to dismiss. First, she alleges that "based on information and belief" that the CRAs involved in this case notified Midland of Carroll's dispute within five days of receiving notice from Carroll. (Compl. ¶ 22). It is certainly plausible, therefore, that the CRAs handling Carroll's credit report notified Midland of the dispute within five days as statutorily required by 15 U.S.C. § 1681i(a)(2)(A). On this basis, Carroll has sufficiently pled that Midland had a duty to investigate Carroll's dispute.

Second, Carroll alleges that Midland failed to evaluate, consider, or investigate Carroll's claim as required by 15 U.S.C. § 1681s-2(b). (Compl. ¶ 24). These allegations are likewise plausible and are sufficient to survive a motion to dismiss. Midland argues these allegations are unsupported by "factual averments" to survive a motion to dismiss. (Def.'s Mot. to Dismiss 5). Midland cites *Rice v. West Virginia Board of Governors*, No. 3:14-cv-554-DJH, 2015 WL 5554022, at *2 (W.D. Ky. Sept. 21, 2015), for the proposition that Carroll failed to state a claim under the FCRA. (Def.'s Mot. to Dismiss 5). In *Rice*, however, the plaintiff did not allege that the defendant had failed to investigate the plaintiff's credit report dispute. *See Rice*, 2015 WL 55554022, at *2. By contrast, Carroll has clearly alleged a violation under the FCRA, specifically that Midland "failed to investigate Plaintiff's disputes." (Compl. ¶ 24). Plaintiff's allegations regarding Midland's failure to investigate are sufficient to survive a motion to

dismiss. *See Rushing v. Chase Auto Fin. Corp.*, No. 5:11-cv-419-JMH, 2012 WL 1752393, at *3 (E.D. Ky. May 15, 2012). Accordingly, Midland's motion is denied on this basis.

B. <u>**State Law Claims**</u>

Carroll makes additional claims of defamation and negligence under Kentucky law. (Compl. ¶¶ 26-29, 42-44). Midland seeks to dismiss these claims on two grounds. First, Midland argues Carroll's state law claims are preempted by the FCRA. (Def.'s Mot. 8). Second, Midland argues that Plaintiff has failed to make sufficient allegations regarding her state law claims. (Def.'s Mot. 9-10).

This Court follows the temporal approach to preemption under the FCRA. *See Eddins v. Cenlar FSB*, 964 F. Supp. 2d 843, 850 (W.D. Ky. 2013). Under the temporal approach, FCRA claims against furnishers of information like Midland are divided "into two distinct time frames: 1) after the furnisher received notice of the dispute, [15 U.S.C.] § 1681t(b) preempts state law claims relating to the furnishing of the disputed information; and 2) before the furnisher received notice of the dispute [15 U.S.C.] § 1681h(e) provides that plaintiffs may bring defamation . . . or negligence claims, so long as plaintiffs can establish the furnisher's malice or willful intent to injure." *Id.* at 851.

Carroll alleges Midland's willful intent to injure related to her negligence and defamation claims. (Compl. ¶¶ 22, 24, 29, 43). Carroll has not, however, provided any facts supporting an assertion that Midland acted with malice or willful intent to injure as to indicate her claim is plausible. *See Barrett v. Fifth Third Bank*, No. 3:15-cv-00698-CRS, 2016 WL 593808, at *1 (W.D. Ky. Feb. 12, 2016). While it is certainly plausible that Midland received notice of Carroll's claim and then failed to conduct a reasonable investigation, Carroll has not asserted any facts which would plausibly indicate Midland acted willfully or maliciously or had any motive to do so prior to receiving notice of the dispute. Therefore, Carroll's state law claims will be dismissed.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 16) is **GRANTED IN PART AND DENIED IN PART.**

**Greg N. Stivers, Judge**
**United States District Court**
July 25, 2016

cc: counsel of record